# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ERIKA CHRISTIANNA MAY and § | | |
| RICHARD LEE MAY, SR., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL CASE NO. 4:11-3516 |
| § | | |
| WELLS FARGO BANK, N.A. and § | | |
| FEDERAL HOME LOAN § | | |
| MORTGAGE CORPORATION § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

In this foreclosure suit, three motions are pending for decision: Defendants' Motion for Summary Judgment and Motion to Dismiss with Prejudice Pursuant to FRCP 12(b)(6) [Doc. # 38]; Defendants' Motion to Quash Plaintiffs' Interrogatories to Defendant Federal Home Loan Mortgage Corporation and for Protective Order [Doc. # 55]; and, Plaintiffs' Motion for Partial Summary Judgment Against Defendant Federal Home Loan Mortgage Corporation [Doc. # 56]. The motions are fully briefed and ripe for decision. Having considered the parties' briefing, the applicable legal authorities, and all matters of record, the Court concludes that both parties' dispositive motions should be **denied** and that Defendants' motion to quash should be **granted**.

## I.   BACKGROUND

On March 30, 2004, Plaintiffs Erika and Richard May purchased real property at 24615 Windfall Path in Spring, Texas (the "Property").[1] The purchase was financed by a mortgage in the amount of $190,350.00.[2] The mortgage subsequently was assigned to Defendant Wells Fargo Bank ("WFB").[3]

In 2010, Mrs. May suffered a heart attack. Beginning in September 2010, the Mays missed some of their mortgage payments. Mrs. May continued to have health problems and Plaintiffs state that, by early 2011, they were $7,000 in arrears on their mortgage.

The Mays claim that they made contact with WFB several times to explain their situation and make arrangements for partial payments. They allege that they applied for the Home Affordable Modification Program ("HAMP") and that they followed all instructions given by WFB representatives, including instructions to rush payments to WFB and to supply numerous documents. They further allege that WFB representatives gave them inconsistent instructions, failed to return their phone calls, and demanded documents that they already had provided. Plaintiffs state that, in July 2011, the Property was scheduled for foreclosure sale. It then apparently was pulled

---

[1] Deed of Trust, dated Mar. 30, 2004 (Exhibit B to Doc. # 61).

[2] Note, dated Mar. 30, 2004 (Exhibit A to Doc. # 61).

[3] Assignment of Deed of Trust, dated Jan. 28, 2011 (Exhibit C to Doc. # 61).

from the July sale and re-posted for sale on August 2, 2011. Plaintiffs allege that they did not receive notice of the August sale.[4]

At the foreclosure sale on August 2, 2011, Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") purchased the Property. Plaintiffs contend that Freddie Mac was not the purchaser because it appeared at the auction and made a bid, but rather because Freddie Mac allegedly was the holder of the mortgage "and since no other party bid on the property, the sale was 'struck off' to Freddie Mac."[5]

Plaintiffs' Third Amended Complaint [Doc. # 14], filed on February 24, 2012, includes claims for violation of the Due Process Clause of the Fifth Amendment, breach of contract, violation of the Texas Finance Code, and declaratory judgment, among other claims.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(6)

Traditionally, courts view with disfavor a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[6] The Supreme Court has

---

[4] Third Amended Complaint, at 5-11, 16-17.

[5] Plaintiffs' Summary Judgment Motion [Doc. # 56], at 2-3.

[6] *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Test Masters Educ. Servs., Inc. v.*
(continued...)

explained that in considering a motion to dismiss under Rule 12(b)(6), a complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true.[7] However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[8] The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9] When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to a claim to relief.[10] This determination of plausibility is a context-specific task that requires the court to draw on its judicial experience and common sense.[11]

---

[6](...continued)
*Singh*, 428 F.3d 559, 570 (5th Cir. 2005).

[7]*See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007); *Harrington*, 563 F.3d at 147.

[8]*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[9]*Id.* (quoting *Twombly*, 550 U.S. at 570); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).

[10]*Iqbal*, 556 U.S. at 679.

[11]*Id.*

In considering a motion to dismiss, a court ordinarily must limit itself to the contents of the pleadings and attachments thereto.[12] Documents "that a defendant attaches to a motion to dismiss are [also] considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[13] "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[14] These presumably are documents whose authenticity no party questions.[15]

**B.     Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the

---

[12]*Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)); FED. R. CIV. P. 12(d).

[13]*Id.* at 498-99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *see Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003).

[14]*Collins*, 224 F.3d at 499.

[15]*See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).

party's case, and on which that party will bear the burden at trial.[16] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17]

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."[18] The moving party, however, need not negate the elements of the non-movant's case.[19] The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case."[20]

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.[21] "An issue is material if its resolution could affect the outcome of the

---

[16] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).

[17] FED. R. CIV. P. 56(a); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

[18] *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

[19] *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005).

[20] *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (internal citations and quotations omitted).

[21] *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).

action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[22]

In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party.[23] However, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'"[24] The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings.[25] Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden.[26] Instead, the nonmoving party must present specific facts which show "the existence of a genuine

---

[22]*DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations and quotation marks omitted).

[23]*Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

[24]*Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)).

[25]*See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002), *overruled on other grounds*, *Grand Isle Shipyards, Inc., v. Seacor Marine*, *LLC*, 589 F.3d 778 (5th Cir.2009).

[26]*Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

issue concerning every essential component of its case."[27] In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.[28]

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence.[29] A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary.[30]

Finally, although the Court may consider all materials in the record when deciding a summary judgment motion, "the court need consider only the cited materials."[31] "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court. Rule 56 does not

---

[27]*Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted).

[28]*Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

[29]*See* FED. R. CIV. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"); *Love v. Nat'l Medical Enters.*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003).

[30]*See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000).

[31]FED. R. CIV. P. 56(c)(3).

impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."[32]

### III. ANALYSIS

#### A. Defendants' Motion for Summary Judgment or to Dismiss [Doc. # 38]

On October 2, 2012, Defendants filed a "Motion for Summary Judgment and Motion to Dismiss with Prejudice Pursuant to FRCP 12(b)(6)" [Doc. # 38]. Plaintiffs filed a Response [Doc. # 58] on March 20, 2013, in compliance with a deadline set by the Court at a motion hearing.[33] Defendants did not file a reply.

It is unclear from Defendants' motion what theories they rely on for the relief they seek; they cite both summary judgment and Rule 12 standards and often shift between the two standards for a single argument on a particular claim.[34] Moreover, Defendants' arguments are moot. Throughout the motion, they cite to and rely on Plaintiffs' Second Amended Complaint [Doc. # 3], despite the fact that Plaintiffs filed a Third Amended Complaint [Doc. # 14] on February 24, 2012,[35] nearly eight months

---

[32] *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations and quotation marks omitted).

[33] *See* Minute Entry Order, March 1, 2013 [Doc. # 54].

[34] *See*, *e.g.*, Defendants' Motion [Doc. # 38], at 17-18, ¶¶ 53-57.

[35] The Third Amended Complaint complied with the deadline for amended pleadings set by the Court on December 19, 2011. *See* Doc. # 13.

before Defendants filed the instant motion. By way of example, Defendants seek dismissal of Plaintiffs' claim for promissory estoppel, although Plaintiffs did not plead such a claim in their Third Amended Complaint.

Defendants also seek dismissal of Plaintiffs' claims for breach of contract and for violations of the Texas Finance Code. However, as stated above, the arguments advanced by Defendants rely on pleadings that were superseded by the Third Amended Complaint. Although this deficiency in Defendants' Motion was pointed out in Plaintiffs' Response, Defendants failed to file a reply. It is not for this Court to parse the two pleadings to ascertain if the arguments Defendants assert in their motion apply to the new pleading. Defendants have not met their burden under either Rule 12(b)(6) or the summary judgment standards, and their motion is **denied without prejudice**.

Defendants are granted the opportunity to file an additional summary judgment motion, if appropriate. On or before **July 3, 2013**, Defendants must file a status report informing the Court whether a summary judgment motion is appropriate on one or more of the claims in Plaintiffs' Third Amended Complaint. If Defendants choose to file a summary judgment motion, that motion must be filed on or before **July 17, 2013**.

### B. Plaintiffs' Motion for Partial Summary Judgment [Doc. # 56]

Plaintiffs seek summary judgment on the issue of whether Freddie Mac is a government actor for purposes of the Fifth Amendment Due Process claim alleged in the Third Amended Complaint.[36] Plaintiffs' Due Process claim is articulated as follows:

> Since Freddie Mac is an instrumentality of the United States as alleged herein, its actions must comport with the prohibitions set forth in the United States Constitution. Specifically, under the Fifth Amendment, Freddie Mac cannot foreclose upon, and thereby seize, the Mays' property without due process. In other words, Freddie Mac must provide notice and the opportunity to be heard prior to the foreclosure. It did not do so. As a result, the foreclosure amounted to a "taking" of the Mays' property in deprivation of their right to due process.[37]

If Freddie Mac is not an instrumentality of the federal government, then as a matter of law Plaintiffs' Due Process claim fails.[38]

Freddie Mac was the purchaser of the Property at the foreclosure sale on August 2, 2011.[39] The parties essentially agree on that point. For purposes of their Due Process claim, Plaintiffs further allege that Freddie Mac "orchestrated" the foreclosure

---

[36] Plaintiffs' Motion for Partial Summary Judgment [Doc. # 56]. Defendants have responded to Plaintiffs' motion [Doc. # 61] and Plaintiffs have filed a reply [Doc. # 62].

[37] Third Amended Complaint [Doc. # 14], at 18, ¶ 32 (footnote omitted).

[38] *See Public Utilities Comm'n v. Pollak*, 343 U.S. 451, 461 (1952) (Fifth Amendment restricts only the government and not private persons).

[39] *See* Substitute Trustee's Deed (Exhibit F to Doc. # 61).

because "WFB was simply the agent of Freddie Mac's bidding," and "Freddie Mac told its agent, WFB, how and when to foreclose and what options WFB could offer to cure the default on the loan."[40] They seek to support their allegation through interrogatories served on Defendants.[41] Plaintiffs contend that because Freddie Mac is "an instrumentality of the government," certain Due Process protections apply in the foreclosure sale at issue.[42]

To show that Freddie Mac was a government actor for purposes of a constitutional claim, the Supreme Court's opinion in *Lebron v. National Railroad Passenger Corporation* requires Plaintiffs to show that Freddie Mac was created by Congress "by special law, for the furtherance of governmental objectives, and retains for itself permanent authority to appoint a majority of the directors of that

---

[40]Plaintiffs' Motion [Doc. # 56], at 3. Plaintiffs attempt to draw a distinction between the Note's "owner," which is WFB, and the "holder," which they allege was Freddie Mac. Plaintiffs do not explain the significance, if any, of the distinction in this case. The Note at issue in this case was specially indorsed to WFB. *See* Note (Exhibit A to Doc. # 61), at 3. It was not indorsed in blank, which would confer certain rights on the Note's holder. *See* TEX. BUS. & COM. CODE § 3.205(b) ("If an indorsement is made by the holder of an instrument and it is not a special indorsement [identifying a person to whom the instrument is payable], it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.").

[41]Defendants have moved to quash the interrogatories, as addressed below.

[42]Plaintiff's Motion [Doc. # 56], at 3.

corporation."[43] Plaintiffs acknowledge previous court decisions holding that, under *Lebron*, Freddie Mac is not a government actor.[44] However, they argue that this settled precedent should be reexamined because, as of September 2008, the Federal Housing Finance Agency ("FHFA") placed Freddie Mac in conservatorship, with FHFA as conservator, and the U.S. Treasury invested billions of dollars in Freddie Mac.

The argument that the 2008 conservatorship of Freddie Mac is a "game changer" under *Lebron* repeatedly has been rejected by other federal courts. The leading case is *Herron v. Fannie Mae*,[45] in which a district court in the District of Columbia held that the conservatorship in 2008 did not transform Fannie Mae into a government actor. The *Herron* Court reasoned that, when the FHFA became the conservator for Fannie Mae, it "stepped into [Fannie Mae's] shoes":

> As conservator, FHFA took over the assets and operations of Fannie Mae with all the powers of the shareholders, officers, and directors to conduct

---

[43] *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 375, 400 (1995). *Lebron* held that, based on this test, Amtrak was a government actor.

[44] *See Frank v. Bear Stears & Co*, 128 F.3d 919, 923-25 (5th Cir. 1997); *Am. Bankers Mortgage v. Fed. Home Loan Mortgage Corp.*, 75 F.3d 1401, 1407 (9th Cir. 1996).

[45] *Herron v. Fannie Mae*, 857 F. Supp. 2d 87 (D.D.C. 2012) (Collyer, J.). For purposes of the issues before the Court, Fannie Mae is substantially identical to Freddie Mac in all material respects. *In re Kapla*, 485 B.R. 136, 147 (Bankr. E.D. Mich. 2012); *see Herron*, 857 F. Supp. 2d at 93.

>  all of Fannie Mae's business, in order to preserve and conserve the assets and property of Fannie Mae.[46]

The Court drew an analogy between the FHFA as conservator and that of the Federal Deposit Insurance Corporation ("FDIC"), whose conservator role was examined by the Supreme Court in *O'Melveny & Myers v. FDIC*.[47] The Supreme Court held that the FDIC, when a conservator or receiver, serves "in the shoes" of the insolvent entity.[48] *Herron* similarly held that the FHFA, "in its guise as a conservator or receiver of a private corporation[,] is not a government actor."[49] Thus, the FHFA as conservator "stepped into Fannie Mae's *private* role."[50] The Court therefore dismissed Herron's constitutional claim against Fannie Mae.

Since *Herron*, numerous other courts carefully have considered, and rejected, Plaintiffs' argument that the conservatorship of Fannie Mae and Freddie Mac in 2008

---

[46]*Id.* at 94.

[47]*Id.* (citing *O'Melveny & Myers v. FDIC*, 512 U.S. 79, 86-87 (1994)). *Herron* cited 12 U.S.C. § 4617(b)(2), a portion of the Housing and Economic Recovery Act of 2008 that empowered the FHFA to act as conservator for Fannie Mae, and noted that it was "almost identical" to the statute applicable to the FDIC. *Id*.

[48]*O'Melveny & Myers*, 512 U.S. at 86-87.

[49]*Herron*, 857 F. Supp. 2d at 94-95 (citing *U.S. v. Beszborn*, 21 F.3d 62, 67-68 (5th Cir. 1994)).

[50]*Id*. at 96 (emphasis added).

transformed those entities into government actors.[51] This Court agrees and holds that, despite FHFA's conservatorship, Freddie Mac is not a government actor under *Lebron*.

Plaintiffs further argue that, even if Freddie Mac is not a government actor satisfying *Lebron*'s criteria, this Court should find that Freddie Mac's actions are those of the government under the standards articulated in *American Bankers Mortgage Corporation v. Federal Home Loan Mortgage Corporation*, a 1996 Ninth Circuit opinion.[52] These standards examine (1) whether there is a nexus between the government and the challenged action, (2) whether the alleged government actor performed functions traditionally exclusively reserved to the government, and (3) whether the government coerced or encouraged the challenged action.[53] The

---

[51]*See Bernard v. Fed'l Nat'l Mortgage Ass'n*, 2013 WL 1282016, *4-*5 (E.D. Mich. Mar. 27, 2013); *Lopez v. Bank of Am. N.A.*, 2013 WL 150460, *2-*3 (W.D. Mich. Jan. 14, 2013); *Kapla*, 485 B.R. at 153; *Syriani v. Freddie Mac Multiclass Certificates, Series 3365*, 2012 WL 6200251, *4 (C.D. Cal. July 10, 2012). Plaintiffs cite to *Copeland-Turner v. Wells Fargo Bank, N.A.*, 2011 WL 996706 (D. Or. Mar. 17, 2011), an unreported decision, as authority for its argument that Freddie Mac is a government actor. However, the *Copeland-Turner* court was not presented with, and did not decide, the issue of whether Freddie Mac and Fannie Mae are government actors for purposes of constitutional claims brought against them, and that case did not cite or discuss *Lebron*.

[52]*Am. Bankers*, 75 F.3d at 1409 (citing *San Francisco Arts & Athletics, Inc. v. U. S. Olympic Comm.*, 483 U.S. 522 (1987)).

[53]*Id*. at 1409. *See San Francisco Arts & Athletics*, 483 U.S. at 543-46; *Jackson* (continued...)

*American Bankers* court held that, based on the above three factors, Freddie Mac's actions were ***not*** attributable to the government.[54]

Plaintiffs nevertheless argue that the 2008 conservatorship of Freddie Mac has fundamentally changed the landscape.[55] They urge that, despite the *American Bankers* court's holding that Freddie Mac did not act for the government, this Court should apply that case's factors to reach the opposite conclusion in this action. Plaintiffs' argument fails on the first prong. Under the cited authority, when examining whether there is a "nexus" between the government and Freddie Mac's alleged actions,[56] "'the inquiry must be whether there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'"[57] Plaintiffs contend that, because of the conservatorship, a sufficient "nexus" now exists because "today the federal government does exercise day-to-day control over all aspects of Freddie Mac's

---

[53](...continued)
*v. Metro. Edison Co.*, 419 U.S. 345, 350-53 (1974).

[54]*Am. Bankers*, 75 F.3d at 1411.

[55]Plaintiff's Motion [Doc # 56], at 9-11.

[56]Plaintiffs are not clear as to which alleged "action" by Freddie Mac they are challenging.

[57]*Am. Bankers*, 75 F.3d at 1410 (quoting *Jackson*, 419 U.S. at 351).

operations."[58] As support, Plaintiffs' briefing reproduces an excerpt purportedly from a Form 10K filed by Freddie Mac with the Securities and Exchange Commission in 2012, in which Freddie Mac states that it operates under direction of the FHFA as conservator, and is dependent upon the support of the U.S. Treasury and FHFA to continue operating its business.[59] The report, as reproduced by Plaintiffs, states "As our Conservator, FHFA succeeded to all rights, titles, powers and privileges of Freddie Mac."[60]

The Court is unpersuaded. The fact that Freddie Mac operates under the direction of the FHFA as conservator does not mean that "the action of [Freddie Mac] may be fairly treated as that of the State itself," as the precedent cited by Plaintiffs requires.[61] Rather, the reasoning of *Herron* and other cited cases makes clear that the FHFA as conservator assumed Freddie Mac's private role.[62]

---

[58] Plaintiffs' Motion [Doc. # 56], at 9.

[59] *Id.* at 7 (citing SEC website).

[60] *Id.*

[61] *See Jackson*, 419 U.S. at 351; *Am. Bankers*, 75 F.3d at 1410.

[62] *See Herron*, 857 F. Supp. 2d at 96.

Plaintiffs' summary judgment motion is denied. Because Freddie Mac is not a government actor, Plaintiffs' Due Process claim lacks a legal basis.[63] The claim therefore is dismissed.[64]

### C. Defendants' Motion to Quash [Doc. # 55]

On February 27, 2013, the Court granted Plaintiffs permission to serve two interrogatories to Freddie Mac. *See* Doc. # 54. After Plaintiffs did so, Defendants filed a Motion to Quash [Doc. # 55].[65] Defendants move to quash the interrogatories on the basis that (1) they are not relevant to Plaintiffs' claims, (2) are not reasonably calculated to lead to discovery of admissible evidence, and (3) seek items that are matters of public record.[66]

---

[63] *See Pollak*, 343 U.S. at 461.

[64] Although Defendants did not cross-move for summary judgment dismissing the claim, the issue of whether a Due Process claim is cognizable against Freddie Mac has been fully briefed by both parties.

[65] Plaintiffs have responded to this motion [Doc. # 59] and Defendants have replied [Doc # 60].

[66] Plaintiffs' first interrogatory asks Freddie Mac to explain fully how it became owner of the Property, including explanations regarding: (1) the authority under which it purchased the Property; (2) the source of funds used to purchase the Property; and (3) the specific authority Freddie Mac granted to WFB to act on its behalf in connection with the purchase. Plaintiffs' Interrogatories to Defendant Federal Home Mortgage Corporation (Exhibit A to Doc. # 55), at 5. The second interrogatory asks Freddie Mac to describe fully "the extent of your interaction with the federal government of the United States with respect to the servicing of mortgage loans from September 6, 2008 to the present," including (1) the federal government's authority

(continued...)

Plaintiffs' interrogatories are potentially relevant to only one claim: the Due Process claim against Freddie Mac. Based on the Court's ruling herein that a Due Process claim is not, as a matter of law, cognizable against Freddie Mac, Plaintiffs' interrogatories now are moot. Defendants' Motion to Quash is **granted.**

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion for Summary Judgment and Motion to Dismiss with Prejudice Pursuant to FRCP 12(b)(6) [Doc. # 38] is **DENIED without prejudice** to refiling regarding the claims in Plaintiffs' Third Amended Complaint. It is further

**ORDERED** that on or before **July 3, 2013**, Defendants must file a status report informing the Court whether they intend to file a summary judgment motion on any remaining claims in the Third Amended Complaint. It is further

**ORDERED** that any summary judgment motions Defendants seek to submit must be filed on or before **July 17, 2013**. It is further

---

[66](...continued)
to appoint a board of directors and managers; (2) financial assistance to Freddie Mac provided by the federal government; (3) any federal policy, directives, regulations, executive orders, or laws that affect Freddie Mac's day-to-day operations regarding loan servicing; and (4) any plan proposed by the federal government for Freddie Mac to emerge from the conservatorship. *Id.* Defendants maintain that Plaintiffs actually have served eight interrogatories, as opposed to the two interrogatories permitted by the Court. The Court does not reach this issue.

**ORDERED** that Plaintiffs' Motion for Partial Summary Judgment Against Defendant Federal Home Loan Mortgage Corporation [Doc. # 56] is **DENIED**. Plaintiffs' Due Process claim is **DISMISSED with prejudice**. It is further

**ORDERED** that Defendants' Motion to Quash Plaintiffs' Interrogatories to Defendant Federal Home Loan Mortgage Corporation and for Protective Order [Doc. # 55] is **GRANTED.**

SIGNED at Houston, Texas, this **24th** day of **June, 2013**.

*[signature]*

Nancy F. Atlas
United States District Judge